### ROLLINS v. BROWN.

1. INFANT PARTIES IN 1867.—Infants are bound by a proceeding for the sale of land in the Court of Ordinary in 1867, even if not served, where represented by a *guardian ad litem*, that being sufficient under the law at that time.

2. EVIDENCE—"CASE"—OUSTER.—Under action to recover an undivided interest in real property, an exception alleging error in rejecting testimony to show that defendant had paid large sums to the other adult distributees, overruled, because (1) the "Case" does not show that any such testimony was offered; (2) it would have been irrelevant in this action; and (3) there was no appeal from the ruling of the trial judge, on a motion for a non-suit, that there was no proof of ouster or demand.

Before NORTON, J., Sumter, October, 1891.

Action by Armetta Rollins and Joel J. Brown against John Brown.

*Mr. A. B. Stuckey,* for appellant.

*Messrs. Lee & Moise,* contra.

October 8, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The plaintiffs allege in their complaint that they are each seized in fee of one undivided fourth part of a certain tract of land therein described, and are entitled to the immediate possession of the said tract of land; and that defendant is, and has been since the year 1868, in the

possession of said land, unlawfully withholding the same from plaintiffs.

The "Case" having been presented in type-writing, which is very indistinct, so much so as to be almost illegible in some portions, the court has found great difficulty in ascertaining precisely what are the real facts. As well as we can understand, the plaintiffs claim as heirs at law of John Brown, sr., deceased, and for the purpose of showing their title to the land which they seek to recover, they introduced in evidence the record of certain proceedings for the partition of the estate of said John Brown, sr., instituted in the Court of Ordinary either in 1861 or 1867, as the typewriting is so indistinct as to make it difficult to understand which it is. That, however, is not a matter of much consequence, as it is quite certain that these proceedings were instituted and concluded prior to the adoption of the Code of Procedure. The claim is, that under these proceedings the tract of land in controversy was set apart to these plaintiffs, with their brothers and sisters, children of a deceased child of said John Brown, sr. It seems, however, that, in the same bundle of papers introduced by the plaintiffs as the record above referred to, other papers were found, showing that the land thus set apart to the plaintiffs and their brothers and sisters, was ordered to be sold by the ordinary, and was sold by the sheriff under said order, and title made to the defendant herein, on the 11th May, 1868. But the claim of the plaintiffs is, as well as we can understand it, that said sale was made under a proceeding separate and distinct from that for the partition of the estate of John Brown, sr., and that they, being minors at that time, were never properly made parties to such separate proceeding, because, although represented therein by a guardian *ad litem*, they were never served with any summons or other paper, and had no notice of the application for the sale.

At the close of plaintiffs' case, the defendant moved for a non-suit, which was granted, upon the grounds (as we learn from the order of the Circuit Judge settling the case): "1st. That the land in dispute was purchased by defendant under a proper and sufficiently regular proceeding in the Court of Or-

dinary, to which the plaintiffs, then minors under the age of twelve years, were made parties by the appointment and acceptance of a guardian *ad litem.* 2d. That said sale is at least binding upon the adult parties to such proceedings, and defendant is tenant in common with plaintiffs. No ouster was shown, and no demand, except in this complaint, which demands possession of the whole premises."

From the judgment of non-suit, plaintiffs appeal upon the several grounds set out in the record, which are substantially as follows: 1st. Because the Circuit Judge erred in holding, that the proceedings for the sale were sufficiently regular, and plaintiffs properly made parties thereto, under the law as it stood at the time. 2d. Because of error in refusing to admit evidence, that, after the sale, defendant paid to the adult tenants in common, sums greatly in excess of their distributive shares, in order to satisfy them. The other grounds of appeal are sufficiently disposed of by what is said by the Circuit Judge in his order settling the "Case," which shows that such grounds should be stricken out under the rules of the court.

Inasmuch as the proceedings before the ordinary were instituted and completed before the adoption of the Code of Procedure, it seems to us that the cases of *Bulow* v. *Witte*, 3 S. C., 308, and *Walker* v. *Veno*, 6 *Id.*, 459, are quite sufficient to vindicate the judge's ruling, that the plaintiffs were properly made parties to the proceedings which culminated in the order of sale.

The second ground, as we have stated it, cannot be sustained, for two reasons: 1st. It does not appear in the "Case" that any such testimony as is there referred to was either offered or rejected. 2d. If it had so appeared, there can be no doubt that such testimony was properly rejected, as it was wholly irrelevant to any issue in the action. Even if the defendant had paid the adult parties more than their shares, that was no evidence to support plaintiffs' claim of title. We infer, however, from appellants' argument that the purpose in offering such testimony was to show fraud; but in the absence of any allegation in the complaint of fraud, and in the absence of any effort to amend the complaint so as to make such a

charge, the evidence was clearly incompetent. But what is absolutely conclusive, there is no appeal from the second ground upon which the judgment of non-suit was rested; and that ground would be quite sufficient to support the judgment appealed from, even if there was error in the first ground. If plaintiffs and defendant were tenants in common, this action certainly could not be sustained without proof of ouster. *Allen* v. *Hall*, 1 McCord, 131; *Taylor* v. *Stockdale*, 3 McCord, 302; *Harvin* v. *Hodge*, Dudley, 23; *Fields* v. *Watson*, 23 S. C., 42. Now, as the Circuit Judge has found that these parties were tenants in common, and that there was no proof of ouster, and there being no exception to such findings, it is quite clear that there was no error in granting the judgment of non-suit.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.